## WILLIAMS *v.* TRIPLETT.

Where the maker of a promissory note, payable in personal property at the option of the maker, indicates to the payee his election to deliver the property according to the tenor of the note, and the payee refuses to receive the property, the maker of the note is so far relieved from the duty of tendering the property, or setting it apart for the payee, that the obligation cannot be converted into a money demand, nor its payment as such enforced, without a further demand for the property upon the maker.

Where once the election is made by the maker, to pay in specific articles, and notice given by him to the payee or holder of the note, of his readiness to deliver them, a refusal to receive them discharges the maker, until a subsequent demand shall revive his liability.

Where suit was brought on a promissory note, payable on or before a given day, and which contained the following provision: "which may be discharged in good merchantable brick, delivered in the city of Keokuk, at cash price;" and where the defendant answered, admitting the execution of the note, and averring, that he has all the time been ready to deliver said brick; that he was ready to pay the note, at the time it was due, in good merchantable brick, delivered in the city of Keokuk, at the cash price; and that he so informed the plaintiff at the time the note was due, and plaintiff refused to accept the same, which answer was demurred to; and where the court sustained the demurrer, and rendered judgment for the plaintiff for the amount of the note; *Held*, That the demurrer was improperly sustained.

*Appeal from the Lee District Court.*

THIS was a suit on the following note: "$250.00. Keokuk, February 25th, 1856. On or before the first day of May next, I promise to pay to the order of William C. Williams, two hundred and fifty dollars, and interest thereon at the rate of ten per cent. per annum; which may be discharged in good merchantable brick, delivered in the city of Keokuk, at cash price. John Triplett." The defendant, by his answer, admits the making of the note sued on, and avers that he has all the time been ready to deliver said brick; that he was ready to pay the note at the time it was due, in good merchantable brick, delivered in the city of Keokuk, at the cash price; and that he so informed the plaintiff at the time the note was due, and plaintiff refused to accept the same. A demurrer to the answer was sus-

tained by the court, and judgment given for the plaintiff for $258.32. To the decision of the court, in sustaining the demurrer, defendant excepted, and the same is assigned for error.

*George W. McCrary*, for the appellant.

In the argument of this case, I shall endeavor to establish two propositions, viz:

1. That the amended answer sets out a sufficient legal tender of the brick.

2. The refusal of the plaintiff to receive the brick when so tendered, released the defendant from all liability on account of said note, and vested the title to the brick in plaintiff.

As to the first proposition: The Code of Iowa does not designate the acts which are necessary to be performed, in order that a tender may amount to a bar to a subsequent action, hence we must resort to the common law upon the subject, and the decision of the courts heretofore.

The first decision to which I wish to call the attention of the court, is the decision of the Supreme Court of our own state, in the case of *Games* v. *Manning*, 2 Greene, 251–3. This was a suit on a promissory note made by Games, for $300, "payable in leather, on or before January 1st, 1844, at his tan yard." The court will perceive that this was precisely such a note as the one sued on in the case at bar. In delivering the opinion in the case, the court said: "The obvious interpretation of the promise made by the note in this case is, that the specific kinds and quantity of leather should be ready for the plaintiff, at the place and on the day specified." And again the court says: "If the defendant had shown that he was ready to deliver the specific articles, according to the tenor and effect of the note, but *did not designate or set them apart*, it would have been incumbent on the plaintiff to prove a subsequent demand, or a refusal by the plaintiff to make the payment." Now, according to this decision, the defendant (Triplett) in the case at bar, did even more than was actually necessary, for he was not only

"ready to deliver the specific articles mentioned in the note, according to the tenor and effect of the note," at the time it was due, but "he *so informed the plaintiff, and plaintiff refused to accept the same.*" What more could he have done? He had the specific property. He had it at the *time* and at the *place*, and he notified plaintiff and asked him to receive it, which he *refused to do*, saying he did not need them. (See Answer.)

The case of *Johnson* v. *Baird*, 3 Blackford, 153, was an action on a promissory note, payable in hats, at a certain time and place. The defence set up was, that "at the time and place the note became due, the defendant was ready with the hats to pay and discharge the notes, but that no person attended to receive them, and that he had always been ready, and still was, to deliver them at the place appointed, if the plaintiff would attend to receive them." *This was held to be a good defence to the action.* By an examination of the answer, and amended answer, the court will perceive that the defence set up in the case at bar, and in the one first cited, are in substance, precisely the same, and almost the same in words. And I submit to the court, whether in view of the doctrine here laid down, the court below should not have overruled the demurrer of plaintiff.

The next decision I wish the court to notice, is in the case of *Mitchell et al.* v. *Merritt*, 2 Blackford, 89. In deciding this case, the court says: "If the defendants had been ready at the time and place to deliver, and found no person there to receive, they could have pleaded that fact in bar, with as much effect and with as little inconvenience, as they could an actual delivery, if there had been one."

In Chitty on Contracts, 7th Am. edition, p. 727, note, the court will see the law fully laid down, and it is there declared that if the defendant shows, that he "was at the place appointed at the proper time, ready to deliver the goods," the defence is good. In view of these decisions, and the other authorities cited, in the opinions to which I have referred, I think the court cannot for a moment doubt, that if the defendant in this case, was ready at the proper time and in the

proper place, to deliver the brick, according to the tenor and effect of the note, and he so informed the plaintiff, and plaintiff refused to receive the same, he is discharged from his contract.

But there is another view of this question, which I wish to notice briefly. The court will observe, that I have thus far in my argument, *assumed* that there was a particular place specified in the note where the brick was to be delivered. The language of the note is, "in the city of Keokuk." It seems to me very clear, that defendant brings himself within the meaning and intent of his contract, by delivering or tendering the brick anywhere in the city of Keokuk. But I will not stop to argue that question, because it certainly makes no difference to us, whether this be so or not.

I proceed now to discuss the question, supposing and assuming that this note is a " note for the payment of specific property, where no place of payment is designated,"—granting even that to be the case—still, I think, there can be no question but that the amended answer in this case, sets out a good and sufficient tender to bar the action. The question here arises, where is a tender to be made, when no place is designated? I answer, in the language of Bouvier, "at such reasonable place *as the creditor shall appoint.*" Bouvier's Institutes, 3d vol. 18.

We show in our answer, that we were ready to deliver the brick, offered to do so, and the plaintiff, *instead of designating according to law, the place where he would receive them, refused to accept them at all.* Our duty was then at an end; we had done all we could do. We had complied with the law, and more than that. And we had given him notice, so that he could have no excuse whatever, for refusing to designate a place, and receive the brick. The court will observe that there is a distinction made in the books, between *ponderous* articles, and those which are not ponderous. If the article is *not* ponderous or *cumbersome*, (see Chitty on Cont. 727, n.,) then it is proper, when no other inference can be drawn from the contract, for tender to be made, at the plaintiff's place of residence ; but if the article be cumberous, (such as brick,)

then the plaintiff or vendee, must appoint a place to receive them. *Howard* v. *Miner*, 20 Maine, 325.

The court will also observe, by an examination of the note, referred to above, (Chitty's Con. p. 727,) that, "if the creditor, being notified, *refuses* or *neglects to appoint*, or avoids and prevents the notice, the debtor may appoint a place and deliver the articles there." Such is precisely what the debtor did in this case. Plaintiff having refused to receive them at all, much less appoint a place to receive them, he did all that remained for him to do. He complied with the requirements of his contract, as nearly as possible. He procured the brick and had them ready "in the city of Keokuk," and has since at "all times," kept them ready. It is clear, that he could have done no more; that it was necessary to do no more; and that unless the law is unreasonable and unjust in its demands, (and it is not,) he is discharged from further liability. As to my second proposition, there can certainly be no controversy, as the authorities are uniform on the point. Bouvier lays down the law in this very clear language: "A proper tender of the goods will pass the title to the creditor, and the debtor will be absolved from obligation." Bouvier's Inst. vol. 3, page 18. Our own Supreme Court, in the case before referred to, (*Games* v. *Manning*,) decided the question in the same way. The court say, that if a proper tender is made, "the debt is thereby discharged, and the property passes to the creditor." See also Chitty on Contracts, same note above referred to. In the case of *Mitchell* v. *Merritt*, 2 Blackford, 89, the Supreme Court of Indiana says: "By the tender and refusal, *or that which is equivalent*, the property becomes vested in the creditor, and his right to sue upon the contract is at an end." I have found no decisions adverse to these, and I presume the doctrine will not be questioned by the opposite counsel.

*R. H. Harrison*, for the appellee.

I submit to the court that in order to a sufficient legal tender of specific articles, something more than readiness to deliver, even when that readiness is made known to the

payee, is necessary. This is a note given for $250 in money, with interest, but which might have been discharged up to the day it was due, and not an hour beyond that day, in good, merchantable brick. See Transcript, page 1.

This is alternative, and "until *the day* of payment, the debtor may have his election, but after the day of payment is past, his right of election is gone, and the payee's right to demand money, is absolute." See *Church* v. *Peterson*, Penn. R. 301, and also, Chitty on Contracts, page 624, note. Did this defendant take the steps necessary to avail himself of this privilege of election, taking his answer as true, which is only done for the purpose of this demurrer? Most certainly not. These were ponderous articles, and there was no specified place of delivery, except the very general one of the " city of Keokuk." His first duty, then, was, to ascertain from Williams, at what place in the " city of Keokuk," he desired them to be delivered. If Williams refused to appoint a place, then Triplett might have appointed a convenient place and notified Williams, that he might attend and receive his property, if he saw proper to do so. This is so plainly the law, that counsel will hardly deny it, and the court most certainly will not need to be referred to authorities. And yet it is not averred in this answer, that such steps were taken.

A place of delivery is specified. This defendant, if he wished to have the benefit of his election, should on the day this note was due (not later), have at the place specified, delivered the brick by *setting apart and designating* them as the property of the plaintiff. " Where there is a contract for the delivery of specific articles *at a time* and *place* specified, the absence of the promisee at such time and place, does not dispense with such acts, on the part of the promissor, as are *necessary to vest* the property in the promisee." *Smith* v. *Loomis*, 7 Conn. 110, and also Chitty on Contracts, 8th Amer. ed. 623, note.

In 2 G. Greene, 254, the court say: " If the debtor makes a tender of the specific property he has promised, *and properly designate and set them apart* at the time and place

stipulated, and the creditor is not there to receive, *or refuses to accept* the property, the debt is thereby discharged, and the right of property in the articles thus *designated* and set *apart* at the time and place stipulated, passes to the creditor." On page 255—same case, *Games* v. *Manning*—they say, in commenting on the decision found in 3 Blackford: the reasoning of the court clearly shows, that something more than a mere readiness to deliver must be proved, in order to discharge the defendant from all liability on the contract. In order to keep those articles safe for the creditor, they must have been *set apart* or *designated* as the property of the creditor, and not remain *indiscriminately commingled* with like articles retained by the debtor, or owned by others." See also 2 Kent's Com. 507, 508 ; 4 Wend. 528, and 13 Ib. 95, 97 ; 7 Conn. 110 ; 4 N. H. 46, and 14 Vt. 457.

But it is useless to multiply authorities. The rule is firmly established, and has been so held by this court in the case of *Games* v. *Manning*, referred to. Not a step has been taken by Triplett to bring himself within the rule. He did not seek Williams to have a place specified. He did not at any place within the " city of Keokuk," proceed to set apart or designate any brick as tendered to pay the plaintiff this debt. Indeed, so deficient is this answer, that if it had been of money instead of specific articles, it would not have availed. A bare *refusal to receive the sum due*, and a demand of a larger sum, is not enough to excuse the *actual tender* of the *money*. See *Dunham* v. *Jackson*, 6 Wend. 22, and authorities there cited. How much less then, would a mere refusal, *for reasons* given, doubtless at the time, excuse in this case, a tender of specific articles?

Again ; it was necessary to prove on trial, and consequently necessary to aver in the answer, in order to avail in bar, that these brick were counted ; and the number should have been stated, that the plaintiff could have disproved the amount, if untrue. The number is not set out in the answer, and the error is fatal on demurrer.

*Dorman* v. *Elder*, 3 Blackford, 490, was an action for the non-delivery of hogs, worth a certain sum, and it was pleaded

in bar, that the hogs were *set apart* at the time stipulated, and that the plaintiff failed to attend. It was held by the court, " that the plea should have stated *the number* of hogs so set apart, and that they were kept at the place for the plaintiff, or that they were and always had been ready to be delivered."

For these reasons, I submit that the answer sets up nothing that can avail in bar of this action, and that the demurrer is well taken.

1. He did not seek Williams to ask a place of delivery, and as there was no specific place, this should have been done.

2. He does not aver that he ever even *offered* to pay the brick, but a bare *readiness*.

3. He does not aver that the brick were set apart at the time, and thus legally tendered to plaintiff.

4. He does not aver that the brick were counted out, that the plaintiff might know whether they were enough to meet the demand, and this was necessary before any tender could be made.

There has been no tender, actual or constructive, and not even an *offer* to pay is averred, but only a *readiness*. I will pursue this argument no farther, but rest firm in the conviction that this court will not unsettle a doctrine so fully established for many years, and re-affirmed by our own supreme bench.

STOCKTON, J.—The demurrer to defendant's answer, which was sustained by the District Court, presents only one question for our consideration, viz: was the plaintiff's right of action defeated, by his refusal to receive the brick, when notified by defendant, at the time the note was due, he was ready to deliver them according to his agreement? It is claimed for plaintiff, that something more than readiness to pay, is necessary to be offered by defendant, even when that readiness is made known to payee, and he refuses to receive the property; that it was defendant's duty to ascertain at what place in the city of Keokuk, the payee would have the

articles delivered; and when the place is specified, that defendant should deliver the articles at the place, by setting them apart and designating them as the property of payee; that if payee refused to designate the place, that then defendant may appoint the same, and notify payee to attend and receive the property; and that even the absence of the payee, does not dispense with such acts on the part of the defendant, as are necessary to vest the property in the plaintiff.

We readily concede that something more than an offer to perform by defendant, and refusal to receive on the part of the payee, is necessary, to discharge the defendant from all liability on the promissory note. But there is a clear distinction between the averment of sufficient facts on the part of defendant, to release him entirely from the obligations of his contract, as amounting to full payment or performance, and the averment of such facts only, as may defeat the present action, and excuse the defendant from the payment of the note, until plaintiff shall demand the delivery of the property, or notify defendant that he was willing to receive it. The defendant, by tendering the brick to the plaintiff, and properly designating and setting them apart for him, at the time and place stipulated, although plaintiff may not be present to receive them, or refuses to accept them, is discharged of his debt, and the right of property in the brick, thus designated and set apart, rests in the plaintiff. See Code, §§ 961, 963; *Games* v. *Manning*, 2 G. Greene, 254.

But it is not claimed, in the present case, on the part of the defendant, that he is discharged wholly from his obligation. He can only be so discharged by payment, or by tender, in the manner indicated above. Where, however, the debtor has notified the payee of his readiness to pay the note, by delivering the brick, and the payee refuses to receive them, we think the debtor is relieved from the further duty of tendering the property, or paying the note, until the creditor by subsequent demand, informs him of his willingness to receive it. In the present case, the defendant has indicated to the plaintiff his election to deliver the brick, according to the

tenor of the note.   A refusal to receive them, so far relieves him from the duty of tendering the brick, or setting them apart for the plaintiff, that the obligation cannot be converted into a money demand, or its payment as such enforced, without a further demand upon defendant.   When once the election is made to pay in the specific articles, and notice given by defendant of his readiness to deliver them, a refusal to receive them, discharges the defendant, until a subsequent demand shall revive his liability.

At the election of defendant, his obligation was to deliver to plaintiff, on a day certain, at the market price, good, merchantable bricks, in the city of Keokuk, to the amount of $250.   On the day appointed, he had the brick ready to deliver, and so informed the plaintiff, who refused to receive them.   This notice to plaintiff, we think, amounted to a request to him to appoint the place where the brick should be delivered by defendant.   This was enough for the defendant to discharge him of this action.   It was then not necessary for him to tender or deliver the brick.   It is well settled, that a tender or delivery, may be dispensed with by the positive acts or declarations of the payee.   *Gage* v. *Kendall*, 15 Wendell, 639 : *Bellinger* v. *Ketts*, 6 Barbour, 281; *Stone* v. *Sprague*, 20 Ib. 509; *Slingerland* v. *Morse*, 8 Johnson, 473; *Tibbs & Clarke* v. *Timberlake*, 4 Littell, 12 ; *Barker* v. *Parkenham*, 2 Washington Circt. 142.

If we are correct in this view of the subject, then defendant is relieved of the necessity of ascertaining at what place in the city of Keokuk, plaintiff required the bricks to be delivered.   After a refusal to receive them, he might well conclude that such an inquiry was dispensed with.   The controversy between the parties is not, as we understand it, as to the place of delivery.   It is, whether defendant may discharge his obligation in money, or in good, merchantable brick, at the market price.   If he shows no excuse for his nonperformance, the plaintiff is entitled to be paid in money.   This excuse, we think, he has shown in the refusal of plaintiff to receive the brick.   And such being our conclusion,

we think the demurrer to defendant's answer, was improperly sustained. The judgment of the District Court is, therefore, reversed.