## SPAFFORD v. STUTSMAN.

1. NOTE PAYABLE IN PROPERTY: DEFENSE. In an action on a note payable in lumber, an allegation that the maker was *ready*, merely, at the time and place named in the note, to make payment, is no defense. He must aver that he offered, or set apart and designated the property, or what is equivelant thereto.

*Appeal from Polk District Court.*

FRIDAY, JUNE 24.

The plaintiff sued upon an instrument of the purport following: "Due Sumner F. Spafford four thousand feet of lumber, the 1st day of May next, for value received, to be delivered at Fort Des Moines." The defendants answer averred that before, and at the time, that the due bill become due, he had the lumber at Des Moines, ready to be delivered to the plaintiff, but that he would not receive the same, nor any part thereof, prior to the commencement of this action. And he further alleges that since the commencement of the action, the plaintiff received twelve hundred and eleven feet

of lumber on the said due bill; and that the balance of the lumber was then and there tendered and ready to be delivered to the plaintiff, but he refused to receive the same. To this answer, there was a replication in denial.

The defendant requested the court to instruct the jury, that if he had the lumber, and was prepared and ready to deliver the same, according to the tenor and effect of the note, they must find for the defendant, unless after the maturity of the note, the plaintiff demanded, and the defendant refused the lumber. The court refused so to instruct, but gave the following: "That the plaintiff must recover, unless the defendant shows that he either paid, tendered, or designated and set apart the lumber, at the time and place stipulated in the note. Proof that he had a large amount of lumber in Des Moines, without designating any portion of it, for the plaintiff, is not sufficient." To this refusal and instruction, the defendant excepted, and assigns the same as error. He also moved in arrest of judgment, and for a new trial, upon the above ground; and for reason that the verdict was against law and evidence, which was overruled, and is assigned as error.

*Cole & Jewett*, for the appellant.

I. Although the English rule of requiring an averment and proof of a demand before suit brought, upon an instrument payable at a specified time and place, does not obtain in this country, yet it is strictly within the American rule to permit a defendant to prove, even in a suit on a note payable in money, his readiness at the time and place of payment, and thereby discharge himself from interest and costs. 1 Parsons on Contr. 227; Chitty on Contr. 727, note 1; *Harton & Bruce* v. *Bishop*, 3 Wend. 13.

II. In order to be a complete *discharge from the debt*, and vest the property payable by the instrument, in the payee, the property must be designated and set apart for the payee.

2 Kent's. Com. 508; *Lamb* v. *Lathrop & Collins*, 13 Wend. 95; *Lingerlan* v. *Morse*, 8, Johns. 474–8; *Sheldon* v. *Skinner*. 4. Wend. 528.

III. Where the maker of a note payable in specific articles, at a specified time and place, was ready and prepared to deliver the property, according to the tenor and effect of the note, the payee cannot recover a judgment for money, without proof of a subsequent demand of, or refusal by the maker to make the payment. *Conn* v. *Gano*, 1 Ohio 211; Ham. 486; *Games* v. *Manning*, 2 G. Greene, 254; *Johnson* v. *Baird*, 3 Black. 153; *Davidson* v. *Overhulser*, 3 G. Greene 196; *Mitchell et al.* v. *Merritt*, 2 Black. 89; *Williams* v. *Triplett*, 3 Iowa 518.

*Cassady & Crocker*, for the appellee.

I. When money is payable at a given day and place, and the defendant is ready at the time and place, with the money to pay, and there is no person there to receive it, then he has done all that is necessary for him to do, and no action will lie against him until a subsequent demand is made of him. *Conn* v. *Gano*, 1 Ohio, 483. The same doctrine is applicable when applied to contracts for the delivery of specific articles at a given time and place. *Robbins* v. *Luce*, 4 Mass. 474. It is not a sufficient defence that the defendant was ready at the time and place to perform his contract, but it must be shown in addition that neither the plaintiff nor any person for him, was there to receive payment. *Johnson* v. *Baird*, 3 Black. 182.

II. It is not sufficient, either, that the defendant was ready at the time and place to deliver the specific articles, and that there was no one there to receive them; but in addition to that, he must show either that he set off the articles for the creditor, according to the terms of the contract, in which case he is discharged from all liability; or if he retain the possession of the articles, he must show that he has kept them safely, and has always been, and still is ready

Parmlee v. Leonard.

to deliver them; and though he is not bound to bring them into court, yet he must show that they are at the place appointed for payment, and that they have always been there ready to be delivered, *Johnson* v. *Baird*, 3 Black. 182; *Nicols* v. *Whitney*, 1 Root, 443; *Barns* v. *Graham*, 4 Cowen 452. The District Court did not err then, in refusing the instruction asked by the plaintiff.   See also *Games* v. *Manning*, 2 G. Greene 251; *Triplet* v. *Williams*, 3 Iowa, 519.

WOODWARD, J.—We do not think the court erred in refusing the instruction requested.   None of the latter cases have held it sufficient, that the promissor was *ready*, merely, but the least that they have required is, that he should aver that the promissee was not there to receive.   Now, the defendant's answer avers what would propably be an equivalent for this, that he refused to receive, but the *instruction* asked does not embrace this idea.   But still more, the authorities show that he must go one step further, and aver that he offered, or set apart and designated the property, or the like.   The case of *Williams* v. *Triplett*, 3 Iowa, 518, stands upon the ground that the obligor notified the obligee, which fills the same legal idea.   The latter cases have placed the subject substantially upon the ground held in the instruction given by the court. For these, we refer to the plaintiff's brief.   It is not thought necessary to discuss the subject, as we consider the law to be stated in the authorities above referred to.

Judgment affirmed.