THE STATE OF IOWA v. SHUPE.

1. PROMISSORY NOTE: PAYABLE IN PROPERTY. To discharge the obligation of the maker of a promissory note, payable in property at a specified time, he must either pay the same, or tender, or set apart the same for the use of the payee at the time and place named; but a demand of the property by the payee, after maturity, operates as a waiver of the former breach made by the maker, and affords a second opportunity to discharge the note by a payment in property, or by setting the same apart. (Following *Games* v. *Manning*, 2 G. Greene, 251.)

2. CRIMINAL LAW: PERJURY. It is not essential to constitute the crime of perjury that the fact sworn to shall be material to the main issue in the case. It is sufficient if it be material to a collateral issue before the court.

3. SAME: AFFIDAVIT FOR CONTINUANCE. An affidavit for the continuance of a cause consists of three essential and material parts: 1. The name and residence of the witness, and the facts showing the probability of procuring the testimony at the next term; 2. The facts showing due diligence; And 3. The facts to be proved by him. An affiant, who, in such an affidavit willfully states matters which are false, and are material to the establishment of one of these parts, is guilty of perjury, although the matters stated as to the other two parts are wholly immaterial.

*Appeal from Lucas District Court.*

WEDNESDAY, APRIL 13.

THE defendant was indicted for perjury, alleged to have been committed on the 2d day of April, 1861, in swearing

to an affidavit for continuance; the perjury being assigned upon that portion of the affidavit which stated, "that he, the said Lamor Farnsworth (the witness), was then temporarily absent from the State of Iowa, and was then in the county of Pike, in the State of Illinois." Upon the trial of the case, it was proven that a suit was pending in the District Court of Appanoose county (where said affidavit was made), wherein one Joseph Mincks was plaintiff, and Jonathan S. Shupe, the defendant herein, was defendant, brought upon a note, made by this defendant, for two hundred and twenty-five dollars, payable at a specified time, "in ordinary lumber at the mill;" that the defendant had filed an answer in said case, containing two counts, the second count averring "that after the plaintiff became the owner of said note, he demanded of defendant the lumber mentioned in said note in payment of the same, and defendant then and there offered to deliver the said lumber to plaintiff, and thereupon the plaintiff refused to receive the said lumber;" that the facts which the defendant stated, in said affidavit, he would prove by said witness, were in substance the same facts as averred in said second count; that a continuance of the cause was procured upon said affidavit; and other facts were proven, tending to show the perjury.

After the evidence in this case was closed, the court instructed the jury as follows, viz.: "That the matters stated in the answer of the defendant Shupe, in reply to the petition of the plaintiff Mincks, do not constitute a defense to the plaintiff's cause of action, and that no material issue was joined; and that the matters of defense stated in the affidavit and motion for continuance, were in substance, the same as the second count of the answer, and, therefore, not material to the cause of action pending, and could not constitute legal perjury; and that it was the duty of the jury to return a verdict of not guilty." To

the giving of this instruction the attorney for the State duly excepted. The jury found the defendant not guilty, and the State prosecutes this appeal.

*C. C. Nourse*, Attorney-General for the State, cited *The State* v. *Johnson*, 7 Blackf., 49; Roscoe's Crim. Ev., 818; 2 Bish. Crim. L., § 873; *The State* v. *Dayton*, 3 Zab., 49; *White* v. *The State*, 4 How. (Miss.), 163; *The Commonwealth* v. *Pollard*, 12 Met., 225; 10 John., 167.

No appearance for the appellee.

COLE, J.—It has been decided by this Court, in the case òf *Games* v. *Manning*, 2 G. Greene, 251, that in order for the maker of a promissory note, payable in property, to discharge himself from his obligation, it was necessary for him to pay or tender, or properly designate or set apart the property at the time and place specified. But if the maker fails to do so, and the payee demands the property after the note becomes due, such demand is a waiver of any previous breach, and gives the maker a second opportunity to deliver or tender, or set apart the property in payment of the obligation. The same principle, so far as applicable to that case, was recognized and approved in the subsequent case of *Williams* v. *Triplett*, 3 Iowa, 518. In the light of these cases, it is difficult to see how the District Court could justify its action, even upon the hypothesis, which seems to have formed the basis of its decision.

But in the view which we take of the case, it is unnecessary to decide as to the sufficiency of the second count, in the answer of the defendant in the civil cause. The assignment of perjury was not upon that portion of the affidavit which set forth the facts expected to be proven by the witness; nor is that the only material part of the affidavit for continuance. Under our practice, an affidavit for continuance has three material and essential parts. It

must state the name and residence of the witness, and the facts showing the probability of procuring his testimony at the next term — the facts constituting due diligence to obtain the witness or his testimony — and the facts to be proved by him, &c. Revision, §§ 3010, 3011. All these are necessary to constitute a good and sufficient affidavit for continuance. And where a motion is made by a party to have his cause continued, each one of these essential parts becomes material to the issue arising upon such motion; and if, in his affidavit, he states, willfully false, matters which are material to the establishment of one of these parts, he is guilty of perjury, although the matters stated in relation to the other two parts are wholly immaterial.

The instructions given by the Court seem to be based upon the theory, that perjury can only be committed by swearing falsely to some matter directly material to the main issues in the case; but such is not the true rule of law, as we shall see by reference to a few well recognized authorities. In the case of *Rex* v. *Greipe*, 12 Mod., 142, Lord HOLT said : "I think a false oath any way conducive to the matter in issue, or a guide to the jury, though it be circumstantial, is perjury. * * * * If it be a matter that tends to the discovery of truth, though but a circumstance as, that such an one wore a blue coat, when he wore a red, it is perjury; but if he tells an impertinent story nothing to the purpose, then it is not so. If a man speak to the credit of a witness, which is not directly to the issue, yet if false, that is perjury;" or as the same learned Judge is reported in 1 Lord Raymond, 258, in the same case, "that it is not necessary to appear, in an information for perjury, to what degree the point in which the man is perjured was material to the issue, for if it is but circumstantially material, it will be perjury."

So it is said in the case in 1 Hawkins' P. C., 320, that

" any false oath.is punishable as perjury which tends to mislead the court in any of their proceedings relative to a matter judicially before them, though it in no way affects the principal judgment, which is to be given in the cause, as where a person who offers himself to be bail for another, knowingly and willfully swears that his substance is greater than it really is." Mr. Bishop, in his work on Criminal Law, lays down the rule to be, that the testimony "need not affect the principal issue, but only a collateral one, as for instance, if the credit of a witness is in question, and another person, to support it, swears falsely, it is perjury. Neither need it be sufficient of itself alone to produce the wrong result; if it is a part or link it is sufficient." Bishop on Crim. Law, vol. 2, § 873; *Commonwealth* v. *Pollard*, 12 Met., 225; *Pratt* v. *Price*, 11 Wend., 127; *Howard* v. *Sexton*, 4 N. Y., 157; *State* v. *Johnson*, 7 Blackf., 49; *The State* v. *Lavalley*, 9 Missouri, 824. In the last cited case it is said, "neither can a party escape the penalty denounced against those who swear falsely, because his evidence was not given upon the trial of the issue between the parties litigant; for all false oaths taken, and which are material upon any and every collateral issue in the progress of a cause, are equally punishable, as if taken upon the trial of the main issue."

The issue before the Court, at the time of the taking of the oath by the defendant, which is alleged to be false, was the collateral issue arising upon the motion for a continuance. One material fact, pertinent to that issue, was the absence of the witness from the county, and the consequent inability to procure his attendance; and it is upon the sworn statement of the defendant, as to this material fact, that the perjury is assigned. It would be as inconsistent with law as it is with good morals and common sense, to permit the party to escape the penalty of his perjury, by asserting that his false oath was not material to the issues in the case, the trial of which he had thereby

delayed, to the injury of his adverse litigant, and contrary to law and justice.

The ruling of the District Court was, therefore, erroneous.