THE STATE v. AIKENS.

Criminal law: PERJURY. In order to convict for perjury it must be shown that the defendant willfully and corruptly swore respecting a material matter. The materiality must be established by evidence, and cannot be left to presumption or inference.

*Appeal from Page District Court.*

FRIDAY, OCTOBER 6.

THE defendant was indicted and convicted of perjury and sentenced to three years confinement in the penitentiary. From this judgment he appeals to this court. The facts of the case are stated in the opinion.

*Withrow & Wright* for the appellant.

*H. O'Connor*, Attorney-General, for the State.

BECK, J. — The indictment charges that defendant, on a certain trial wherein he and another were plaintiffs and John Brown was defendant, did willfully, corruptly, falsely and feloniously testify, that the floor of John Brown's porch was dressed; that " he hewed the sills of the house from the stump," and that " he had obligated himself to get lumber." The trial, in which said evidence was given, was of a case brought by defendant and another, upon an account in which, among the items, was one for moving a house and building abutments; and another, for " seventy-

The State v. Aikens.

seven and one-half days' labor on house." The other items were for services in threshing, and for the use of a wagon. The defendant in that suit denied the account, and an issue thereon was raised.

The evidence upon the trial of the indictment now before us sufficiently establishes the fact that defendant was sworn and testified to the matter alleged. The falsity of his testimony, of which there are very great doubts, may be conceded. But there is an entire absence of evidence showing or tending to show the materiality of the matter testified to by defendant upon the issues in the case, either direct or collateral; or that it had in the remotest degree any thing to do in determining such issues; or that it was at all pertinent, either directly or remotely, to any matter involved in the proceeding. It is not shown that the evidence was material or pertinent to the question of the value of defendant's services for which suit was brought, or to the question as to the number of days he labored. Neither does it appear that the porch, the floor of which defendant testified he had dressed, the sills which he swore he had hewed, or the lumber which he asserted he had contracted to purchase, were a part of, pertained to, or had any thing to do with the house he removed or the one upon which he performed the labor. There is an entire want of evidence connecting the matter, alleged to have been falsely stated, with the subject of the action, or the issue therein found. Neither does it appear that the evidence was elicited to establish circumstances to guide the jury in finding a verdict in that case; nor is it shown that the evidence was drawn out as a test of the truthfulness of the defendant or of any other witness. In a few words it is, so far as the abstract before us discloses, unconnected, directly and remotely, with the case tried by the court. Had it possessed any of the characteristics, the absence of which we have just pointed out, it might have been regarded as material matter in the trial. See *The*

*State* v. *Shupe*, 16 Iowa, 36. But as the case is presented to us, the evidence was utterly irrelevant and immaterial. To constitute the crime of perjury the accused must " willfully and corruptly swear or affirm falsely to any material matter " in a proceeding in a court of justice. Rev., § 4271. The materiality of such matter must be established by the evidence the same as any other ingredient of the crime, and cannot be left to presumption or inference to be exercised by the court or jury. But in this case, the relation of the facts, sworn to by defendant to the issues and subject-matter of the suit, must be presumed before it can be considered material matter in that proceeding. As we have just seen this is not admissible. We are of the opinion that the evidence in the case did not justify the conviction of defendant. As these views require the reversal of the case, the other points made by appellant need not be considered.

, Reversed.