## NOAH RICH v. UNITED STATES.

*(Opinion filed July 20, 1893.)*

1. PERJURY—*Indictment.*—To constitute perjury as defined by § 5392, Revised Statutes of the United States, the false oath must be taken before a *competent tribunal.* It must be a tribunal having jurisdiction, or authorizd by law, to hear and determine the matter in controversy before it; and such jurisdiction, or authority, must appear by proper allegations in the indictment.

2. INDICTMENT—*Sufficiency of.*—In an indictment for perjury, alleged to have been committed before the register and receiver of a local land office, on the trial of a *land contest*, the indictment, to be good on demurrer, must show that the *land contest* was one of which the register and receiver had jurisdiction; and such jurisdiction must be shown by a distinct and positive averment, or by the averment of facts from which it appears as matter of law; but both of such averments are not necessary.

3. FALSE EVIDENCE—*Materiality*.—An indictment for perjury must show the materiality of the alleged false evidence on which the assignment of perjury is made; but it is sufficient to set out the alleged false evidence and to aver generally that it was material; or facts may be averred in the indictment from which its materiality appears as matter of law.

4. MATERIALITY—*Proof of*.—The materiality of the alleged false testimony in an indictment for perjury, is an essential ingredient in the crime charged, and, like all other material averments, must be proven on the trial in order to warrant a conviction.

*Appeal from the District Court of Oklahoma County, Hon. John G. Clark, Judge. Reversed.*

*Amos Green & Son*, for Appellant.

*Horace Speed*, for Appellee.

The opinion of the court was delivered by

GREEN, C. J.:—The appellant was prosecuted in the district court of Oklahoma county for the crime of perjury, alleged to have been committed in the local land office, on the trial of a land contest before the register and receiver, wherein John H. Engbring was contestant and Lemuel A. Perry was contestee. On the trial in the district court, before the court and a jury, the appellant was found guilty as charged in the indictment; and a motion for a new trial and in arrest of judgment was overruled; and, by the judgment of the court, appellant was sentenced to be confined at hard labor in the penitentiary at Columbus, Ohio, for a term of three years, and pay to a fine of one dollar and the costs of prosecution. Appellant brings the record into this court by appeal, and assigns fifty-seven errors for which he prays a reversal of the judgment.

The record is very voluminous, and very badly prepared, and the abstracts filed amount to but little more than an index to the record; and we shall dispose of the whole case under two assignments of error:

*First.*   The court erred in overruling the demurrer to the indictment.

*Second*;   The court erred in overruling the motion for a new trial.

The indictment is in one count and charges:

"That on the twenty-fifth day of November, in the year of our Lord one thousand eight hundred and ninety, at the United States land office at Oklahoma City, in said Territory, before John C. Delaney, receiver, and John H. Burford, register, of said land office, a certain land contest then and there pending between John H. Engbring and Lemuel A. Perry, of which land contest said land office then and there had jurisdiction, came on to be heard, and thereupon one Noah Rich was produced as a witness in said contest, and was then and there duly sworn to testify truly, in said contest case, by the said John C. Delaney, receiver, who was then and there duly authorized and empowered under the laws of the United States of America, he the said John C. Delaney, receiver as aforesaid, being then and there duly authorized to administer oaths in such cases, and to administer said oath in that case, in manner and form as was then and there done as aforesaid; that then and there it became a material question where one Walter Shepherd was, on the twenty-first day of April, in the afternoon, in the year of our Lord one thousand eight hundred and eighty-nine; that then and there, being such witness as aforesaid, so sworn, and being first duly sworn as aforesaid, the said Noah Rich did knowingly, wilfully, corruptly, feloniously, and falsely testify, depose and say in substance and effect, that on the twenty-first day of April, in the afternoon, in the year of our Lord one thousand eight hundred and eighty-nine, he, the said Noah Rich, saw the said Walter Shepherd at Barrow's crossing of the South Canadian river, and saw him, the said Shepherd, go and ride down to, into and across said river at said crossing, and thence over into the Oklahoma country; whereas, in truth and in fact, the said Noah Rich did not, at any time, on the day last aforesaid, see the said Walter Shepherd at said Barrow's crossing of the

said South Canadian River, and did not, on said day last aforesaid, see him, the said Walter Shepherd, go or ride down to, into or across said river at crossing, or elsewhere, nor thence over into the Oklahoma country; in all which particulars the testimony, statements and declarations, so testified and deposed unto by the said Noah Rich, were then and there material matter in and to the said land contest so instituted, begun and heard as aforesaid, and were then and there not true but false, and were then and there by the said Noah Rich not believed to be true, but were then and there by him believed to be false."

The sufficiency of this count is challenged by a general demurrer on the ground that it does not state facts sufficient to constitute a public offense under the laws of the United States; and two specific objections have been raised on the argument: *First*, that the count does not show, by facts stated, or a distinct averment, that the register and receiver of the local land office had jurisdiction of the proceeding, called a *land contest*, on the trial of which the alleged perjury was committed; and, *second*, that the count does not show, by facts stated, that the matter sworn to by appellant was material matter on the trial of the *land contest* before the register and receiver of the local land office.

The indictment was drawn, and the trial conducted, as appears from the instructions in the record, under the provisions of § 5392 af the Revised Statutes of the United States, which defines the crime of perjury against the laws of the United States as follows:

"Every person who, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed is true, wilfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury."

It is clear from an analysis of this section, that when the oath is taken before a tribunal, in order to constitute the crime of perjury, such tribunal must be a *competent tribunal*. It must be a tribunal having jurisdiction, or authorized by law, to hear and determine the matter in controversy before it; for the law is well settled that the crime of perjury cannot be committed before a tribunal that has no jurisdiction of the subject matter in controversy. (2 Wharton's Crim. Law, § 1257; 2 Bishop's Crim. Law, § 1020; *Pankey v. The People*, 2 Ill. 80.)

In *Pankey v. The People, supra,* the court said:

"It will be seen from this recital of the averments in the indictment and assignment of the perjury, that two questions present themselves as subjects of direct inquiry, and upon which the correctness of the decision of the circuit court, in refusing to quash the indictment, must necessarily depend. Those questions are, whether the grand jury had any legal authority to institute an inquiry and examination into the act of Womak, as a constable, for the taking of illegal fees as a criminal and indictable offense; and the materiality of the testimony given by Pankey before the grand jury, in relation to the inquiry, with reference to the alleged taking of illegal fees.

"It will not be doubted that one of the essential ingredients necessary to constitute legal perjury is, that the tribunal, or body, before whom the false swearing is alleged 'to have been committed, must have legal authority and power to enquire into the cause or matter investigated."

If the register and receiver of the local land office had no jurisdiction, under the laws of the United States, of the *land contest*, on the trial of which appellant, as a witness, committed the alleged perjury, they were not a *competent tribunal* within the meaning of § 5392, *supra*, and the alleged false swearing does not constitute perjury as defined by that section; and such fact.

of jurisdiction, being essential to the crime as charged, must appear, in some form, upon the face of the indictment.

The averment of jurisdiction in the count is:

"That on the twenty-fifth day of November, in the year of our Lord one thousand eight hundred and ninety, at the United States land office, at Oklahoma City, in Oklahoma county in said Territory, before John C. Delaney, receiver, and John H. Burford, register, of said land office, a certain *land contest*, then and there pending between John H. Engbring and Lemuel A. Perry, of which *land contest* said land office then and there had jurisdiction, came on to be heard."

Is this averment of jurisdiction sufficient to support the indictment?

Section 5396 of the revised statutes of the United States provides:

"In every presentment or indictment prosecuted against any person for perjury, it shall be sufficient to set forth the substance of the offense charged upon the defendant, and by what court, and before whom the oath was taken, averring such court or person to have competent authority to administer the same, together with the proper averment to falsify the matter wherein the perjury is assigned, without setting forth the bill, answer, information, indictment, declaration, or any part of any record, or proceding, either in law or equity, or any affidavit, deposition, or certificate, other than as hereinbefore stated, and without setting forth the commission or authority of the court, or person, before whom the perjury was committed."

This statute is identical with the statute of 23 Geo. 2. C. 11; and in discussing that statute, Mr. Bishop says:

"A jurisdiction in the court, or other official person being an element without which there can be no perjury, this fact must, as we have seen, be disclosed in some way in allegation. On principle, seeing that such matter is only inducement, it would be sufficient either to charge in words that the officer or tribunal had ju-

risdiction of these questions, or to aver facts from which the jurisdiction would in law appear, both not being required, in analogy to the rule as to the materiality of that to which the witness testified. But where the statute of 23 Geo. 2, C 11, or an American one in like terms prevails, the words whereof are 'averring such court or person to have competent authority to administer the same,' doubtless this special allegation cannot be supplied by the other. In other respects and circumstances, the rule of principle and that of adjudications are believed to be in accord. Still it may be recommended as the safer course, and never difficult, so to shape the averment of the court, or official person, as to render its or his jurisdiction affirmatively palpable, whether the other allegation is made or not." (2 Bishop's Crim. Prac. § 910a.)

The indictment in this case does not state the facts from which, as matter of law, the jurisdiction of the register and receiver is made to appear; nor is there any distinct averment in the count that the register and receiver, as such register and receiver, had competent authority, or jurisdiction, in the matter of said *land contest*; and such jurisdiction cannot be presumed in support of the indictment. The averment that "said land office then and there had jurisdiction," if showing jurisdiction in the register and receiver at all, shows it only by implication, which is not sufficient in an indictment.

It was an essential element of the crime of perjury, alleged to have been committed by appellant, that the register and receiver of the local land office had competent authority, or jurisdiction of the subject matter of the *land contest*, on the trial of which appellant testified as a witness; and it was necessary to aver such competent authority in the indictment, and establish it on the trial.

In *United States v. Hess*, 124 U. S. 483, the court, in passing upon the sufficiency of an indictment, says:

"The general rule, and, with few exceptions, of which the present is not one, the universal rule, on this subject, is, that all the material facts and circumstances embraced in the definition of the offense must be stated, or the indictment will be defective. No essential element of the crime can be omitted without destroying the whole pleading. The omission cannot be supplied by intendment or by implication, and the charge must be made directly and not inferentially, or by way of recital."

And again, in the case of *Pettibone v. United States*, 148 U. S. 197, the court says:

"The general rule in reference to an indictment is, that all the material facts and circumstances embraced in the definition of the offense must be stated, and that, if any essential element of the crime is omitted, such omission cannot be supplied by intendment or implication."

An essential element of the crime of perjury, as it is defined by § 5392, *supra*, is, that the oath, when taken before a tribunal, as in this case, must be taken before a *competent tribunal* and the jurisdiction, or competency, of the tribunal must be shown in the indictment, either by facts alleged, or by a distinct and positive averment, as provided in § 5396, *supra*. In neither way is the jurisdiction of the register and receiver shown, and, in that regard, the indictment is fatally defective and the demurrer should have been sustained.

The second ground of objection to the indictment is that it does not show, by facts stated, that the alleged false testimony, upon which the assignment of perjury is made, was material matter on the trial of the land contest before the register and receiver of the local land office.

As to the materiality of the facts sworn to by appellant, the averment of the indictment is:

"That then and there it became a material question, where one Walter Shepherd was on the twenty-first

day of April, in the afternoon, in the year of our Lord one thousand, eight hundred and eighty-nine."

The indictment then sets out the testimony of appellant to the effect, that on the twenty-first day of April, in the afternoon, in the year 1889, he saw the said Walter Shepherd at Barrow's crossing of the South Canadian river, and saw him go and ride down to, into and across the said river, at said crossing, and thence over into the Oklahoma country; and the indictment then avers, after the necessary averments to falsify the testimony of appellant, that,

"In all which particulars the testimony, statements and declarations, so testified and deposed unto by the said Noah Rich, were then and there material matter in and to said land contest,"

No valid objection is perceived to the manner of averring the materiality of the facts sworn to by appellant. Such materiality may be shown by setting out facts in the indictment from which it appears as matter of law, or it may be shown by a proper averment of materiality. Both are not necessary.

Mr. Bishop states the rule to be:

"The materiality of the false testimony to the issue, or point of inquiry, being an essential element in the offense, it must be averred. And the pleader has his choice between two methods of doing this: He may say that it was material, or he may set out facts from which its materiality will, as a matter of law, appear. He need not do both." (2 Bishop's Crim. Prac. § 921.)

Appellant moved the court below for a new trial, and in support of his motion filed numerous grounds, and many specifications of alleged errors of law occurring at the trial. The motion was overruled by the court and exceptions thereto were duly taken by appellant. We shall not examine all the grounds of the motion, but it will suffice to consider the following:

"*Fifth.* That the verdict is not sustained by sufficient evidence.

"*Sixth.* The verdict is contrary to law."

The materiality of the testimony of appellant before the register and receiver of the local land office, on the trial of the *land contest* was an essential ingredient in the crime alleged to have been committed by appellant; and like all other material averments, it was necessary for the prosecution to prove such materiality on the trial in order to warrant a conviction. (*State v. Aikens*, 32 Iowa, 403; *Nelson v. State*, 32 Ark. 193.)

In *State v. Aikens, supra,* the court says:

"The evidence upon the trial of the indictment now before us sufficiently establishes the fact that the defendant was sworn and testified to the matter alleged. The falsity of his testimony, of which there are very great doubts, may be conceded. But there is an entire absence of evidence showing, or tending to show, the materiality of the matter testified to by the defendant upon the issues in the case, either direct or collateral; or that it had, in the remotest degree, anything to do in determining such issues; or that it was at all pertinent, either directly or remotely, to any matter involved in the proceeding. It is not shown that the evidence was material or pertinent to the question of the value of the defendant's services for which suit was brought, or to the question as to the number of days he labored. Neither does it appear that the porch, the floor of which defendant testified he had dressed, the sills which he swore he had hewed, or the lumber which he asserted he had contracted to purchase, were a part of, pertained to, or had anything to do with the house he removed or the one upon which he performed the labor. There is an entire want of evidence connecting the matter, alleged to have been falsely stated, with the subject of the action, or the issue therein found. Neither does it appear that the evidence was elicited to establish circumstances to guide the jury in finding a verdict in that case; nor is it shown that the evidence was drawn out as a test of the truthfulness of the defendant or of any other witness. In a few words it is, so far as the abstract before us discloses, unconnected,

directly and remotely, with the case tried by the court. Had it possessed any of the characteristicts, the absence of which we have just pointed out, it might have been regarded as material matter in the trial."

In the case of *Nelson v. State, supra,* the defendant was indicted for perjury alleged to have been committed on his examination as a witness before a jury of inquest over the dead body of one Adam Pippin, on which examination he testified that, on Wednesday evening, August 9, 1876, one Henry Harris was at his house, and ate supper there, and was there until bed time and went to bed there; and as to the materiality of this evidence the court says:

"It was not proven that Henry Harris was arrested for, or suspicioned of, any criminal connection with the death of Pippin, or that his guilt or innocence was, in any manner, the subject of inquiry before the coroner's inquest.

"It was proven that appellant swore at the inquest, that Henry Harris was at his house on the evening of the 9th of August, 1876, ate supper and remained there during the night, and there was evidence conducing to prove that this statement was false; but there was no evidence to prove that the whereabouts of Henry Harris, during that particular evening and night, was material to any matter that was the proper subject of inquiry by the coroner or his jury.

"The materiality of the testimony on which perjury is assigned, must be established by evidence, and cannot be left to presumption or inference."

On the trial of appellant in the court below, the testimony of appellant given before the. register and receiver of the local land office, on the trial of the *land contest,* was offered in evidence to the court and jury, in which it appeared that appellant swore that, on the 21st day of April, 1889, in the afternoon of that day, he saw Walter Shepherd, at Barrow's crossing of the South Canadian river, and saw him ride down to, into, and across the river, and thence into the Oklahoma

country; and it is this evidence that is alleged in the indictment to have been material on the trial of the *land contest*, and on which the perjury is assigned; and it may be conceded that this testimony was false, but we fail to find in the record, which purports to give all of the testimony on the trial below, any proof that it was, in any manner, directly or indirectly, proximately or remotely, material to the issues tried and determined by the register and receiver of the local land office in the *land contest* of John H. Engbring against Lemuel A. Perry. There is no proof that appellant's alleged false testimony was material to any issue involved in the *land contest*, or that it was material as affecting appellant's credibility as a witness, or as affecting the credibility of Walter Shepherd as a witness, or as affecting the testimony of any other witness who testified on the trial of the *land contest* before the register and receiver of the local land office. And proof that the testimony was admitted on the trial of the *land contest* is not sufficient to warrant a court and jury in inferring that such testimony was material to the issues. (*Commonwealth v. Pollard*, 12 Met. 225.)

As there was no sufficient proof on the trial below of the materiality of the alleged false testimony of appellant, the verdict of the jury was not supported by the evidence, and was contrary to law, and the court erred in overruling appellant's motion for a new trial, and for the errors indicated, the judgment of the district court is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

All the Justices concurring.