PEOPLE *v.* OSTRANDER.

1. PERJURY—MATERIALITY OF TESTIMONY—EVIDENCE.
  In a prosecution for perjury alleged to have been committed
  upon a trial for burglary, it is proper, where the materiality
  of the testimony upon which the alleged perjury is based
  would not otherwise appear, to show by the jurors in the burg-
  lary case the nature of the defense there relied upon.

2. CONSPIRACY—EVIDENCE—QUESTION FOR JURY.
  In a prosecution for perjury alleged to have been committed
  upon a trial for burglary, evidence of a conspiracy between
  the respondent and others to give such false testimony, for
  the purpose of aiding the respondent in the burglary case,
  need not be express to justify its submission to the jury, since
  proof of a conspiracy, from its very nature, must often be made
  by circumstantial evidence.

3. CRIMINAL LAW—PRESUMPTION OF INNOCENCE—INSTRUCTIONS.
  Failure to instruct the jury in a criminal cause as to the
  presumption of innocence is not reversible error, where the
  attention of the court was not called to the omission, and the
  charge as given was explicit to the effect that the guilt of
  the accused must be proved beyond a reasonable doubt.
  *People* v. *Graney*, 91 Mich. 646, followed.

Exceptions before judgment from Oakland; Carpenter,
J., presiding. Submitted April 30, 1896. Decided June
30, 1896.

Eugene Ostrander was convicted of perjury. Affirmed.

The respondent was convicted of perjury, alleged to
have been committed upon the trial of one Campbell for
burglary committed in the city of Pontiac. Upon the
trial of Campbell the theory of the defense was that
one Gulick committed the crime, and the respondent and
several other witnesses testified to seeing him in Pontiac

the evening prior to its commission, and early on the morning following. It is stated in the brief of counsel for the respondent that two of these witnesses had been convicted of the crime of perjury committed on that same trial.

*Davis & Bromley*, for appellant.

*Frederick Wieland*, Prosecuting Attorney, for the people.

GRANT, J. (*after stating the facts*). 1. Some of the jurors in the Campbell case were permitted, under objection and exception, to testify that the defense in that case claimed, from the evidence, that Gulick committed the crime. Respondent's counsel elicited, on cross-examination of one of these witnesses, the fact that Gulick, upon the trial of Campbell, testified that he bought 500 cigars of Campbell, who told him that he had stolen them. These witnesses had given evidence that respondent testified upon that trial that he saw Gulick in Pontiac at the time stated. The respondent's testimony was also read in evidence by the stenographer. It was, of course, essential for the prosecution to show the materiality of this testimony, upon which the perjury was based. If the materiality clearly appeared from this testimony of respondent and others, it would have been unnecessary to show it by other evidence, but the admission of such other evidence would not then be prejudicial. If, however, it was not apparent, we think it was competent to show its materiality by howing what defense was made in the Campbell trial, and that the claim was that Gulick was the criminal, and that such claim was based upon the testimony of respondent and others. We have not been able to find any authorities upon the question, and our decision must therefore rest upon what seems to us sound sense and reason. It is evident that the materiality would frequently not appear from the alleged perjured testimony itself. It must be shown by other facts and circumstances connected with it and the use made of it.

2. The prosecuting attorney stated, during the trial, that he claimed that there was an arrangement between Campbell, the respondent, and the other witnesses to give their testimony in that case in order to acquit Campbell. In his argument to the jury he also made this claim. The respondent requested the court to instruct the jury that there was no evidence of such arrangement or conspiracy. This is the important question in the case. Proof of such an arrangement or conspiracy must largely depend upon circumstances. Direct evidence can seldom be produced. Here were several witnesses giving testimony, which, though they did not testify to seeing Gulick at the same moment and in the same place that respondent did, yet it was to the same purport, and tended to show him in the vicinity of the place where the crime was committed, and to create the impression that Gulick, instead of Campbell, was the guilty party. In addition to this, one witness testified to a conversation with the respondent, in which the respondent told him that "they had it all fixed so that he [Campbell] was going to get clear." This same witness testified that on another occasion respondent asked him what he thought about his own case, to which he replied:

"I told him I did not know anything about it, but I knew one thing, that if it was me, and I went in with Sprague on a scheme or anything of that kind, I would stand by him until the last end, but if I hadn't, and Sprague got me into trouble, I would turn state's evidence. He said there was just one thing standing in the way, the reason he didn't. He said, as far as Sprague was concerned, he could send him to hell in a minute "

Sprague was one of the witnesses who had testified for Campbell. This witness also testified to another conversation, in which he said to respondent, "If you did it, and worked a scheme, why then I would stand by him." To this respondent replied that he would stand by him. Another witness testified that the respondent said to him, in a conversation about the Campbell case, that money

would furnish evidence. This testimony made an issue of fact for the determination of the jury as to the existence of such an agreement or conspiracy on the part of the respondent and the other witnesses, and was competent for the jury to consider in determining the guilt of the respondent.

3. It is next argued that the court neglected to charge the jury as to the presumption of innocence. The attention of the court was not called to this point. The court, however, did very fully instruct the jury that they must be convinced, by the evidence, of the guilt of the accused, beyond any reasonable doubt. This point is ruled by *People* v. *Graney*, 91 Mich. 646; *People* v. *Smith*, 92 Mich. 10.

The conviction is affirmed, and the court below directed to proceed to judgment.

MONTGOMERY and HOOKER, JJ., concurred. LONG, C. J., and MOORE, J., did not sit.