## F. L. Hambright v. The State.

No. 3337. . Decided December 20, 1905.

**1.—Perjury—Charge of Court—Harmless Error.**

. Where on trial for perjury, the court's charge, although subject to criticism, was given in favor of defendant authorizing the jury to acquit him on the state of facts therein presented, the error, if any, was harmless.

**2.—Same—Charge of Court—Assignment of Perjury—Particular Place Where Perjury Occurred—Variance.**

On a trial for perjury, the assignment upon which the case was tried appeared to have been based upon a written statement made by defendant before the grand jury, and there was no question as to what this statement was; and where the contention of the defense was that the questions specially asked the defendant before the grand jury related to a game of cards on the date mentioned in Durham's pasture, and that none of the witnesses on the trial of defendant showed a game played in Durham's pasture, but that the only testimony adduced on the trial related to a game played in Graves' pasture. Held that the evidence showing that both of these places were situated in the county where the alleged perjury was charged, that it was not necessary for the State to prove a game of gards was played in Durham's pasture, it not having so alleged in the indictment, but that it was entirely competent for the State to call defendant's attention to any particular place in said county and inquire in regard thereto; the defendant having denied in his testimony before the grand jury that he saw any game played in the county at all. See opinion for charge of court held proper.

**3.—Same—Evidence—Falsity of Statement.**

On a trial for perjury it was only necessary to prove that the defendant swore before the grand jury to the matters alleged, by one witness, and where this was done and the falsity of his said testimony before the grand jury was proven by a number of witnesses, the evidence is sufficient to sustain the conviction.

Appeal from the District Court of Hamilton. Tried below before Hon. N. R. Lindsey.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Main & Chesley* and *A. R. Eidson,* for appellant.—On question of proof of certain place, and charge of court: McDonough v. State, 84 S. W. Rep., 594; art. 428, Code Crim. Proc.

*Howard Martin,* Assistant Attorney-General, and *J. H. Arnold,* District Attorney, for the State.

HENDERSON, Judge.—Appellant was convicted of perjury, and his punishment assessed at two years confinement in the penitentiary; hence this appeal. This is the second appeal, see Hambright v. State, 11 Texas Ct. Rep., 909.

The indictment contains three counts. The case was put to the jury on two counts; the first of which assigned as perjury that appellant swore before the grand jury that he did not see any parties engaged in playing cards on Sunday, February 28, 1904—meaning thereby that

he did not on or about said date see John Norris and Oscar Pigg, or any other parties play at a game of cards at any place in Hamilton Count, Texas, not then and there a private residence occupied by a family. The next count charged in effect the same matter, except that appellant did not recollect to have seen any parties engaged in playing cards on Sunday, February 28, 1904: meaning thereby that he did not on or about said date see John Norris and Oscar Pigg or any other parties play at a game of cards at any place in Hamilton County, State of Texas, the same not then and there being a private residence occupied by a family, etc. No question was made as to the indictment, but the court's charges, in connection with the testimony is assigned as error and criticised. Among other things, appellant contends that the court erroneously assumed in his charge, that the statement or statements alleged to have been made by defendant, while a witness before the grand jury, were in fact made by him, when there was a conflict in the evidence as to whether the statements claimed by the State to have been made by defendant while a witness before the grand jury were in fact made by him. We presume that this charge is alluded to: "The burden of proof, in order to secure a conviction under either count, is on the State and it is incumbent that the defendant's guilt be proved beyond a reasonable doubt; and should you believe from the evidence that at the time the defendant saw John Norris, Oscar Pigg, and others, playing at a game with cards (if he did see them) his mind, from the excessive use of whisky, or from any other cause, was in such a condition, that afterwards, when he was before the grand jury he could not and did not remember seeing said parties engaged in said game." This is a charge given in favor of the defendant, authorizing the jury to acquit him upon the state of facts therein presented. In the beginning of the charge it does seem to assume that the assignments—that is, what appellant swore before the grand jury— were proven, but it will be seen that in a subsequent portion of the sentence, this is made an issue of fact for the consideration of the jury. As stated, it will be seen further that this was not a charge authorizing the conviction of appellant at all. The court had previously given to the jury a charge submitting the assignments to the jury as to whether or not they were proven and as to whether the same were shown to be false by the testimony of two witnesses. In giving these charges, the court appears to have followed the indictment. It is not necessary here to reiterate or repeat the charges, but it will be seen by an inspection of the same, that the court followed the indictment and the facts proven. In this connection, appellant strongly insists that the court did not follow the assignments and the facts, contending that the questions specially asked of the defendant related to a game of cards on the date mentioned in Durham's pasture, and none of the witnesses show a game played in Durham's pasture; that the only testimony related to a game played in Grave's pasture. In reply to this we would state that there is no question that both Graves and

Durham's pastures are situated in Hamilton County. The assignments on which the case was tried appear to have been based on a written statement made by appellant before the grand jury; and there is no question as to what this statement was. It was not controverted and is copied correctly in the indictment. The fact that appellant may have been questioned, and his mind drawn to a particular place in Hamilton County, was to his advantage, and called his attention to the very game, and there was no possible variance whether the game was played in Durham's pasture or in Graves' pasture. Both places are situated in Hamilton County. It was not necessary for the State to prove a game played in Durham's pasture, as no such game had been alleged, but it was entirely competent, under the allegation in the indictment, for the State to call appellant's attention to any particular place in Hamilton County, and inquire in regard thereto. It would have been different, of course, if the indictment had alleged and based the assignment for perjury on a game played in Durham's pasture. It will be borne in mind that the indictment did not state as a part of the assignment, that appellant swore directly that he did not see the game played in Hamilton County, and at a place not then and there a private residence. This was contained in explanatory averments. We do not agree with appellant that the witness was not examined both as to the county generally and as to both Durham's and Graves' pastures. The testimony of the witness shows that all this ground was gone over with the witness before the grand jury, and he was asked questions in regard to all of said places. True, the place where the game was finally located to have occurred, was in Graves' pasture, and we understand from the record that appellant swore, when his attention was called to this pasture, as well as to Durham's pasture, and to the county generally, that he had never seen any game played at said places, or in the county, on or about the date laid in the indictment. As heretofore stated, all of these points being inquired about, was for the benefit of the witness to refresh his recollection, and to direct his attention to any game that he might have seen played in the county, and he denied having seen any game played at the specific places or in the county at all. The assignment was laid on his testimony in regard to the county, as delivered before the grand jury. It is only necessary to prove what he swore before the grand jury by one witness, and this, as we understand the record, was abundantly proved. The traverse of this, that is, its falsity was proven by a number of witnesses. The game which he is shown to have seen played was proven to have occurred on Sunday, February 28th, at Graves' pasture. As has been seen, he was inquired of as to this place, as well as the other places mentioned, and he denied seeing any games played at this place. It is shown by a number of witnesses that he did see said game; that he engaged in it; that something was said about his not telling it, and that he told the boys, if the grand jury asked him about it, he would tell them he was so drunk he could not remember

it. This, it seems, was exactly what he did, when the grand jury inquired of him in regard to the same. If he had not been asked about Graves' pasture at all, and there was some testimony showing that, because appellant's attention was not called to this game, his memory was not refreshed and he made a mistake, there would be some force in appellant's contention; but such is not the fact. The county attorney stated distinctly that he was asked in regard to a game played in Graves' pasture, and in Durham's pasture. The record discloses that other witnesses testified to about the same effect.

The charge of the court is criticised, but we believe it properly covers every essential phase of the case. We do not believe the court was called on to give appellant's special requested instructions. No error appearing in the record, the judgment is affirmed.

*Affirmed.*