A. Y. YARBROUGH, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed March 12, 1920.

1. It is well settled that a defendant is not entitled as of right to an instruction to the jury to return a verdict of acquittal.

2. A verdict of acquittal upon a trial on an indictment charging the larceny of an automobile is not a bar to a subsequent indictment and conviction of perjury committed by the defendant as a witness in his own behalf upon a trial on the former indictment wherein he is alleged to have sworn falsely in substance and to the effect that he had not seen and did not have in his possession such automobile.

3. A defendant cannot after securing an acquittal by perjury, successfully plead such acquittal in bar of a prosecution for the perjury so committed.

4. Materiality of the alleged false testimony is an essential element of the crime of perjury which in order to sustain a conviction, must be alleged and proved.

5. To convict of the crime of perjury the offense must be proved by the oaths of two witnesses or by the oath of one witness and other independent and corroborating circumstances which are deemed of equal weight with another witness. Such is the rule now well established on authorit. And the element of the offense, which must be so proved, is the falsity of the material matter sworn to.

Judgment reversed.

A Writ of Error to the Criminal Court of record, for Hillsborough Count, W. S. Graham, Judge.

*Lunsford* & *Whitaker* and *Joseph Miyares,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

WEST, J.—Plaintiff in error was informed against in the Criminal Court of Record for the County of Hillsborough upon a charge of perjury. The information was in two counts. Upon a trial he was found guilty under the second count and sentenced to serve a term of two years at hard labor in the State prison.

The charge contained in the count of the information upon which plaintiff in error was convicted is in the following language: "That at and upon the trial of said issue so joined between the parties as aforesaid, it then and there became and was a material question whether the said A. Y. Yarbrough had seen and had in his possession one Buick Little Six Model 1918 automobile, the same being a gasoline motor propelled vehicle, the property of one Charles F. Aulick, and had tried to sell the same to one M. C. Tinsley for three hundred dollars on the 19th and 20th days of January, A. D. 1919, and had addressed a certain envelope and written a certain letter to one Chas. Clinton, as hereinafter set out in full, and that the said A. Y. Yarbrough being so sworn as aforesaid, then and there upon the trial of said issue, on his oath aforesaid, falsely, corruptly, knowingly, wilfully and maliciously, before the said jurors as aforesaid, and before the said Honorable W. S. Graham, judge presiding over said court as aforesaid, did depose and swear concerning said material questions in substance and to the effect following, that is to say: That he had not seen,

and did not have in his possession, and did not, on the 19th and 20th days of January, 1919, try to sell to one M. C. Tinsley for the sum of three hundred dollars, said Buick Little Six Model 1918 automobile, the same being a gasoline motor propelled vehicle, the property of said Charles F. Aulick, which he was then and there charged with having stolen, and that he did not write the name 'Mr. Chas. Clinton, 406 So. Halsted St., Chicago, Ill.,' on a certain envelope which was then and there exhibited to him, and that he did not write a certain letter of the following tenor, to-wit: 'Lakeland, Fla., Jan. 1, 1919. Dear Friend. Will write you a few lines. This leaves me well and hope it will reach you the same. Come at once and bring one good man with you. Some good thing and would like to get it at once. Close. A. Y. Y.' and that the said letter was not in the handwriting of him, the said A. Y. Yarbrough, the said letter being then and there exhiibted to and inspected by the said A. Y. Yarbrough at the time he gave said testimony as aforesaid; whereas, in truth and in fact the said A. Y. Yarbrough had seen and did have in his possession, and on the 19th and 20th days of January, A. D. 1919, did try to sell, to one M. C. Tinsley for the sum of three hundred dollars, the said automobile, the property of the said Charles F. Aulick, and whereas in truth and in fact the said A. Y. Yarbrough did write on said envelope the following, to-wit: 'Mr. Chas. Clinton, 406 So. Halsted St., Chicago, Ill.,' and whereas in truth and in fact said A. Y. Yarbrough did write said letter of the following tenor, to-wit: 'Lakeland, Fla., Jan. 1, 1919. Dear Friend. Will write you a few lines. This leaves me well and hope it will reach you the same. Come at once and bring one good man with you. Some good thing and would like to get it at once. Close. A. Y. Y., and whereas, in truth

and in fact the said address on said envelope and said letter was the handwriting of him, the said A. Y. Yarbrough; wherefore the said A. Y. Yarbrough is charged, deemed and held to have committed wilful, and corrupt perjury in a judicial proceeding."

Plaintiff in error had a few days before the trial in this case been tried in the same court upon an information charging him with the larceny of the automobile described in this information and was found not guilty by the jury.

There are a number of assignments of error in the record but we shall consider those only that are discussed in the brief of counsel.

The first question discussed is the refusal of the trial court, after the taking of the State's evidence, to direct a verdict in favor of the defendant. There was no error in this ruling. It has been repeatedly held by this court that a defendant is not entitled as of right to an instruction to the jury to return a verdict of not guilty. Drayton v. State, 78 Fla. 254, 82 South. 801; Hughes v. State, 61 Fla. 32, 55 So. 463; Ryan v. State, 60 Fla. 25, 53 So. 448; Menatee v. State, 59 Fla. 316, 51 So. 555.

The question to which most of the brief of counsel is devoted, is based upon an assignment which challenges the soundness of the trial court's order denying defendant's application for a new trial. It is urged under this assignment that inasmuch as plaintiff in error had been acquitted upon the charge of the larceny of the automobile described, upon the theory that he was not guilty of the theft of such automobile, that he could not thereafter be tried upon a charge of perjury on the ground that he testified upon the trial in the larceny charge that he had

not seen and did not have such automobile in his possession upon a given date and did not on such date offer to sell the same to another, whereas, as it is alleged, he had seen and did have such automobile in his possession on the date alleged, the contention being that these questions were necessarily involved and were passed upon by the jury on the former trial and that to try the defendant thereafter upon the charge that in giving such evidence in the  former trial  he committed  perjury amounts to trying him a second time for the same offense.

In support of this contention the following authorities are cited: United States v. Butler, 38 Fed. Rep. 498; Cooper v. Commonwealth, 106 Ky. 909, 51 S. W. Rep. 789, 90 Am. St. Rep. 275, 45 L. R. A. 216. And it may be conceded that they support the proposition that an acquittal upon a given charge is a good defense to a subsequent prosecution for perjury which is based upon the assumption that defendant was guilty of the charge upon which he had been acquitted. There are, however, authorities to the contrary of this proposition. Hutcherson v. State, 33 Tex. Crim. Rep. 67, 24 S. W. Rep. 908; State v. Caywood, 96 Iowa 367, 65 N. W. Rep. 285; People v. Sculley, 3 N. Y. Crim. Rep. 244.

But that is not this case. Here the charge of perjury upon which plaintiff in error was convicted is not necessarily based upon the assumption that he was guilty of the charge of larceny. It does not follow that because he was acquitted upon the charge of larceny that all material evidence tending to prove his guilt in that case was false and all material evidence given in his behalf was true. Nor would it be sound policy to permit a defendant, as a witness in his own behalf, to perjure

himself with impunity while all other witnesses in his behalf or in behalf of the State are held to a strict accountability for all false testimony upon a material issue given by them. The crimes of larceny and perjury are separate and distinct offenses, and in acquitting plaintiff in error upon the charge of larceny the jury did not and could not also acquit him of any perjury which he may have committed in giving evidence in the case in defense of the larceny charge upon which he was on trial.

In the case of People v. Albers, 137 Mich. 678, 100 N. W. Rep. 908, the Supreme Court of Michigan in a case similar to this said: "The general proposition that one can escape punishment for perjury, because he succeeded in inducing a jury to credit his false testimony, is supported neither by authority nor by reason. If he could, then it is true, as stated by counsel for the people, that the law encourages parties, particularly respondents in criminal cases, to perjure themselves. We must declare that the law is guilty of no such folly. Is the rule changed by the fact that the suit in which credit was given to the perjured testimony was another suit between the same parties? We think not. 'The former verdict is conclusive only as to facts directly and distinctly put in issue, and the finding of which is necessary to uphold the judgment. The doctrine of estoppel (that is, the conclusiveness of a former judgment) is restricted to facts directly in issue, and does not extend to facts which rest in evidence, and are merely collateral.' " See also to the same effect the cases of State v. Vandermark, 77 Conn. 201, 58 Atl. 715, 1 Am. & Eng. Ann. Cas. 161, and State v. Bevill, 79 Kan. 524, 100 Pac. 476, 17 Am. & Eng. Ann. Cas. 753, in which the two cases relied upon by plaintiff in error are referred to and held

to be not in accord with decisions in other jurisdictions. This contention cannot, therefore be upheld.

It is also urged that there is no proof that the alleged false testimony given by plaintiff in error was material to the issue involved in the case in which it was given.

Materially of the alleged false testimony is an essential element of the crime of perjury which, in order to sustain a conviction, must be alleged and proved. Brown v. State, 47 Fla. 16, 36 So. 705; People v. Lem You, 97 Cal. 224, 32 Pac. Rep. 11; People v. Ostrander, 110 Mich. 60, 67 N. W. Rep. 1079; Nelson v. State, 32 Ark. 192; State v. Aikens, 32 Iowa 403; Young v. People, 134 Ill. 37, 24 N. E. Rep. 1070; 22 R. C. L. 493.

In order to test the question of its materiality it is necessary to ascertain just what the testimony of plaintiff in error was which is alleged to be false, for the giving of which he was convicted. The first count in the information charges that he did swear falsely, etc., in the trial of a criminal cause in substance and to the effect "that he (meaning the defendant) did not try to sell one Buick Little Six Model 1918 automobile, the same being a gasoline propelled vehicle, to one M. C. Tindall for $300," but upon this count he was acquitted.

We have incorporated in this opinion the second count upon which he was convicted. In this count he is charged with having sworn falsely, etc., in the trial of a criminal cause in substance and to the effect "that he (meaning the defendant) had not seen and did not have in his possession, and did not on the 19th and 20ths days of January, 1919, try to sell to one M. C. Tindall for the sum of $300 said Buick Little Six Model 1918 automobile, same being a gasoline motor propelled vehicle."

Now putting aside for the moment the other assignments contained in the second count we observe this difference between the assignments just recited and the assignment quoted above from the first count. In the first count he is charged with swearing falsely, etc., when he testified "that he did not try to sell," whereas in the second count in addition to this he is also charged with swearing falsely when he testified that *"he had not seen* and *did not have in his possession"* said automobile. Therefore, since the second count is more comprehensive than the first and contains assignments not contained in the first, the acquittal upon the first will not prevent a valid conviction on the second count.

For the purpose of this discussion it may be conceded that there was no sufficient proof of the materiality of the assignments predicated upon the denial of defendant that he did write a certain name and address and a certain letter set out in the information. The decisive question on this point then is this: Was the testimony of the defendant given in the trial in which he was charged with the larceny of a certain automobile to the effect that "he had not seen," and, "did not have in his possession" such automobile, material to the issue there involved, and is there proof of its materiality in this record, sufficient to support a verdict of conviction?

There is evidence in the record to the effect that the automobile alleged to have been stolen was stolen from the home of its owner in the City of Tampa on the night of January 18th, 1919, and that plaintiff in error was seen with it in his possession in the City of Lakeland during the next two or three days.

The unexplained possession of recently stolen goods raises the presumption that the possessor is the thief,

but if such possessor directly gives a reasonable and credible account of how he came into such possession, or such an account as will raise a reasonable doubt in the minds of the jury, then it becomes the duty of the State to prove that such account is untrue; otherwise he should be acquitted. Leslie v. State, 35 Fla. 171, 17 South. Rep. 555; McDonald v. State, 56 Fla. 74, 47 South. Rep. 485; Clark v. State, 59 Fla. 9, 52 South, Rep. 518. Now applying this principle of law to the evidence it seems to us to be clear that the allegation of materiality of the alleged false swearing was proved. It is not only proved as a fact that it was material, it is made so by law.

There is, however, an error in the record, which requires a reversal of the judgment. One of the grounds for the motion for a new trial is that the verdict is not supported by the evidence. It is settled law that a verdict of conviction in a perjury case must have for its support something more than the testimony of one witness. In the case of McClerkin v. State, 20 Fla. 879, this court said: "To convict of the crime of perjury, the offense must be proved by the oaths of two witnesses, or by the oath of one witness, and by other independent and corroborating circumstances, which is deemed of equal weight with another witness. Such is the rule now, well established on authority." And the element of the offense which must be so proved, is the falsity of the matter sworn to. 30 Cyc. 1452; 21 R. C. L. 272; Wharton's Crim. Law, Sec. 1583; Adams v. State, 49 Tex. Crim. Rep. 361, 91 S. W. Rep. 225; Hambright v. State, 49 Tex. Crim. Rep. 162, 91 S. W. Rep. 232; Waters v. State, 30, Tex. App. Rep. 284, 17 S. W. Rep. 411; State v. Pratt, 21 S. D. 305, 112 N. W. Rep. 152; Saucier v. State, 95 Miss. 226,

48 South. Rep. 184; State v. Shupe, 16 Iowa 36, 85 Am. Dec. 485 and Note; Cook v. United States, 26 App. Cas. (D. C.) 427, 6 Ann. Cas. 810 and Note.

In this case, more than one witness testified that plaintiff in error did testify under oath in the trial of the larceny case, as alleged in the information, that he had not seen and did not have in his possession the automobile alleged to have been stolen, but to prove the falsity of this statement, only one witness was introduced, and there is in the record the uncorroborated evidence of one witness only to prove that plaintiff had seen and did have in his possession such automobile.

The judgment will, therefore, be reversed.

WHITFIELD AND ELLIS, J. J., concur.

BROWNE, C. J., AND TAYLOR, J., concur in final conclusion only.