## STATE v. ERNEST BOSWELL.

(Filed 21 September, 1927.)

1. **Criminal Law—Instructions—Presumption of Innocence—Special Requests for Instructions—Burden of Proof—Reasonable Doubt—Appeal and Error—Objections and Exceptions.**

　　Where upon the trial for a homicide the judge has fully and sufficiently charged the jury that the State must satisfy them of the guilt of the accused beyond a reasonable doubt, the mere failure of the trial judge to

instruct them as to the legal presumption as to the defendant's innocence, will not be sufficient to grant a new trial on appeal in the absence of a special request to that effect, this presumption not being considered as evidence in the case, though the authorities in other jurisdictions are conflicting.

2. **Criminal Law—Conspiracy—Declarations—Evidence.**

The declarations of one conspirator in the furtherance of a common design of several to commit a homicide, while the design exists, is competent evidence against them all, though not made in their presence, and the fact of conspiracy may be proven by the acts of different persons when legally sufficient to establish it.

3. **Instructions—Contentions—Expression of Opinion—Statutes—Appeal and Error.**

An instruction will not be held for error as an expression of opinion by the trial judge forbidden by statute, because in stating the contention of the State in a criminal action he says that the defendant, a witness in his own behalf, should not be believed, as he had been proven a man of bad character, when the instructions upon the law arising from the evidence have been correct and free from error in this respect.

INDICTMENT for murder, before *Dunn, Emergency Judge,* at February Term, 1927, of WILSON. No error.

The defendant was indicted with Arthur Lamm and Tanner Poythress for the murder of one Clayton Beaman. The defendant was convicted, and from the sentence of imprisonment, appealed to this Court, and a new trial was awarded. The case is reported in 192 N. C., 150.

Upon the second trial the defendant was again convicted of murder in the second degree, and from the judgment of imprisonment pronounced appealed to this Court, assigning errors.

*O. P. Dickinson and A. O. Dickens for defendant.*
*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

BROGDEN, J. In a criminal action is it reversible error for the trial judge to omit to charge the jury that the defendant is presumed to be innocent in the absence of a request to so charge?

The defendant excepted to the charge of the court for the reason that the jury was not instructed by the trial judge that the defendant was presumed to be innocent and that the burden of proof was on the State. In the brief for the defendant it is stated: "We have looked in vain to find some North Carolina case that has been to the Supreme Court in which the trial judge failed to mention either the presumption of innocence or the burden of proof. This was evidently overlooked by the trial judge, but it makes it none the less damaging to the defend-

ant's interests, and we believe that it constitutes reversible error. . . . Many courts, including this one, we think, hold that this legal presumption of innocence is a *piece of evidence* to be weighed in favor of the party for whom it operates and to be overcome, if it may be, by the State."

In support of the contention so made the defendant relies. upon *Coffin v. U. S.,* 156 U. S., 432, 39 L. Ed., 481, in which the principle is thus stated by *Justice White:* "Concluding, then, that the presumption of innocence is evidence in favor of the accused, introduced by the law in his behalf, let us consider what is 'reasonable doubt.' It is of necessity the condition of mind produced by the proof resulting from the evidence in the cause. It is the result of the proof, not the proof itself, whereas the presumption of innocence is one of the instruments of proof going to bring about the proof from which reasonable doubt arises; thus one is a cause, the other an effect. To say that the one is the equivalent of the other is therefore to say that legal evidence can be excluded from the jury, and that such exclusion may be cured by instructing them correctly in regard to the method by which they are required to reach their conclusion upon the proof actually before them; in other words, that the exclusion of an *important element of proof* can be justified by correctly instructing as to the proof admitted. The evolution of the principle of the presumption of innocence, and its resultant, the doctrine of reasonable doubt, makes more apparent the correctness of these views and indicates the necessity of enforcing the one in order that the other may continue to exist."

It is obvious that if the "presumption of innocence" is evidence in favor of a defendant, charged with crime, then it would be the imperative duty of the trial judge to instruct the jury as to such presumption.

The question as to whether the presumption of innocence is evidence or not has created a wide and divergent opinion among eminent writers and the courts of last resort. Dean Wigmore, in his Treatise on Evidence, 2 ed., Vol. 5, sec. 2511, writes: "No presumption can be evidence; it is a rule about the duty of producing evidence. . . . But when this erroneous theory is made the ground for ordering new trials because of the mere wording of a judge's instruction to a jury, the erroneous theory is capable of causing serious harm to the administration of justice. And, because of a temporary aberration of doctrine in the Federal Supreme Court, in *Coffin v. U. S., supra,* such harm was for a time impending. A notable academic deliverance, however, by a master in the law of Evidence, laid bare the fallacy with keen analysis; and it was soon afterwards discarded in the Court of its origin. In some State Courts the contagious influence of the original error was for a

time noticeable; but sound views have gradually come to prevail in the greater number of jurisdictions."

The identical question was discussed in the case of *Commonwealth v. Holgate,* 63 Pa. Sup. Ct. (1916), p. 256. The opinion states the principle announced in the *Coffin case,* and then proceeds as follows: "The above statement has been severely criticised by both Wigmore and Chamberlayne, and what is claimed to be its fallacy exposed in detail in Thayer's Preliminary Treatise on Evidence, Appendix B, p. 551. The conclusion reached by the Supreme Court has not been followed in a number of states, and in *Agnew v. U. S.,* 165 U. S., 36, it is stated that the declaration in the *Coffin case* that legal presumptions are treated as evidence has a tendency to mislead. . . . We are convinced that the weight of authority is against the appellant's contention, and that the court did not err in not charging as to the presumption of innocence when he had already charged as to reasonable doubt, and that if defendant desired instructions on this particular phase of the subject, he should have requested the court so to do."

The Supreme Court of Pennsylvania, in the case of *Commonwealth v. Russogulo,* in an opinion by *Justice Moschzisker,* 106 Atl., 180, held: "The rule that a prisoner is always entitled to the benefit of any reasonable doubt results 'from the well-established principle that the presumption of innocence is to stand until it is overcome by proof' of a quality to carry that degree of conviction." In other words, the presumption of innocence is the reason which gives rise to, and forms the basis of, the rule as to reasonable doubt; or, as stated in 16 Corpus Juris, 535, par. 1007: "Its (the doctrine of the presumption of innocence) . . . function is to cast upon the State the burden of proving the guilt of the accused beyond all reasonable doubt."

The Supreme Court of Missouri, in *S. v. Kennedy,* 55 S. W., p. 293, examined the question with extensive citation of authorities, and came to the following conclusion: "In this State it has been ruled, in at least three cases, that it is not reversible error to refuse an instruction stating the presumption of innocence, when the court has fully instructed on the doctrine of reasonable doubt. . . . Yet when the court has, as in this case, fully instructed in his favor on the doctrine of reasonable doubt, and the evidence so abundantly sustains the verdict of the jury, we do not think the sentence should be reversed solely for the failure to state the presumption." In *Culpepper v. State,* 111 Pac., p. 679, the Supreme Court of Oklahoma, speaking through *Justice Richardson,* discusses the question at length, arraying the authorities and weighing with care the various reasons set forth on both sides of the question.

The principles of law announced in the foregoing authorities have been recognized and applied by the courts of Arkansas, South Dakota, Massachusetts, Kentucky, Ohio, Michigan, Florida, Kansas, and Connecticut: *Monk v. State* (Ark.), 197 S. W., 580; *S. v. Cline* (S. Dak.), 132 N. W., 160; *Commonwealth v. Sinclair* (Mass.), 80 N. E., 802; *Stevens v. Commonwealth* (Ky.), 45 S. W., 76; *Morehead v. State,* 34 Ohio St., 212; *People v. Oslrander* (Mich.), 67 N. W., 1079; *S. v. Ross* (Washington, 1915), 147 Pac., 1149; *McDuffie v. State* (Fla.), 46 Southern, 721; *S. v. Reilly* (Kan.), 116 Pac., 481; *S. v. Brauneis* (Conn.), 79 Atl., 70.

. In this case the trial judge instructed the jury in substance to return a verdict of not guilty, unless the State had satisfied the jury beyond a reasonable doubt either that the defendant killed the deceased or that the deceased came to his death as the result of conspiracy between the defendant and another, and that defendant, pursuant to said purpose, was present, aiding and abetting in the crime. The trial judge further defined reasonable doubt, and the record discloses that the judge used the expression "beyond a reasonable doubt" perhaps a dozen times in his charge to the jury. It is undoubtedly true that, in this State, it has been the usual practice for trial judges to instruct the jury that the defendant is presumed to be innocent, and that the burden of proof is upon the State to satisfy the jury of the guilt of the accused beyond a reasonable doubt. It would have been proper and usual, under our practice, to have given such instruction, but the record discloses clearly and unmistakably that time after time in his charge the trial judge instructed the jury that they must be satisfied beyond a reasonable doubt of the guilt of the defendant before a verdict could be rendered against him. In view of what we deem the overwhelming weight of authority upon the question, we do not feel constrained to upset the verdict and grant a new trial upon the record before us in the absence of a request by the defendant for instruction upon the presumption.

The defendant also excepted to the admission in evidence of the declaration of one Lamm, who was jointly indicted with the defendant for the murder, such declaration not being made in the presence of defendant. The State contended that the defendant Lamm entered into a plot or conspiracy to kill deceased. It is thoroughly established law in this State that the declaration of one conspirator in furtherance of a common design is admissible, so long as the conspiracy continues, even though made in the absence of the other conspirator. Usually the conspiracy must first be established before such evidence is competent, "but this rule is often parted from, though it is an inversion of the order, for the sake of convenience, and the prosecution allowed either to prove

the conspiracy, which makes the acts of the conspirators admissible in evidence against each other when done in furtherance of the common object, or he may prove the acts of different persons, and thus prove the conspiracy. *S. v. Anderson,* 92 N. C., 748. See, also, *S. v. Stancill,* 178 N. C., 683; *S. v. Brinkley,* 183 N. C., 720.

The defendant further excepts to the following statement of the trial judge: "And the State says that being interested in his testimony, being more vitally concerned in the outcome of the case, he has not told the truth, and a man of bad character, *as he has proven himself to be by various witnesses,* who have come upon the stand, would not have told the truth." The defendant earnestly insists that the expression "as he has proven himself to be by various witnesses," etc., is an expression of opinion upon the weight of evidence forbidden by law and constituting reversible error. The record discloses that the expression complained of occurred in the statement of the contentions of the State, and hence the trial judge was not endeavoring to instruct the jury as to the weight of the evidence, but was merely summarizing the contentions of the parties. We cannot hold the expression of sufficient moment to warrant a new trial.

The record, as a whole, leaves us with the impression that the defendant has had a fair trial. While the jury might well have brought in a verdict of acquittal from the evidence, yet, under our law, they were the sole finders of the facts and the sole weighers of the evidence, and we find no reason in law for disturbing the verdict.

No error.