ON MOTION FOR REHEARING GRANTED

PER CURIAM.
We grant the State’s motion for rehearing, withdraw our prior opinion, and substitute the following opinion in its place.
Noel Nogues appeals from a conviction on one count of perjury. For the reasons that follow, we reverse.
Nogues, a former City of Miami police officer, was charged with making a false statement under oath. The statement was allegedly made during a formal investigation of an extortion scheme directed at other officers and related to the “Miami River Cops” scandal. In that statement, Nogues denied that he was present at a meeting between George Fonte, Charles Orrett, Armando Garcia, and Dagoberto Garcia at the defendant’s house, held to discuss extorting money from one of them. Nogues asserted that such a meeting had “never occurred,” and that he was “never present in any of that stuff.”
To prove its perjury case against No-gues, the State relied on the testimony of Charles Orrett, a Metro-Dade police officer who had agreed to cooperate with State and federal authorities. Orrett testified at trial that Nogues had indeed met with other police officers at his house to plan an extortion scheme.
This testimony was not legally sufficient to establish the crime of perjury. It is a well-established principle of law that “a verdict of conviction in a perjury case must have for its support something more than the testimony of one witness.” Yarbrough v. State, 79 Fla. 256, 83 So. 873, 874 (1920). “To convict of the crime of perjury, the offense must be proved by the oaths of two witnesses, or by the oath of one witness, and by other independent and corroborating circumstances, which is deemed of equal weight with another witness.” Id. (citations omitted). See also Rader v. State, 52 So.2d 105, 108 (Fla.1951) (“The falsity of the material matter sworn to must be proved by the oaths of two witnesses, or by the oath of one witness and other independent and corroborating circumstances which are of equal weight with the testimony of another witness.”); Wells v. State, 270 So.2d 399 (Fla. 3d DCA 1972) (same), cert. denied, 277 So.2d 533 (Fla.), cert. denied, 414 U.S. 1024, 94 S.Ct. 449, 38 L.Ed.2d 316 (1973).
Orrett was the only witness who testified regarding the alleged meeting that was the subject of the perjury charge. His testimony about that meeting was not corroborated by any other witness, nor were there any independent and corroborating circumstances of equal weight with the testimony of another witness. In fact, Orrett’s testimony was undermined by another witness who supported Nogues’ denial that he had anything to do with such a meeting.
As “independent and corroborating circumstances,” the State offers the testimo *969 ny of Reggie Caprio, who stated under oath that a second meeting was held'to discuss the first meeting, and to chastise Nogues for setting up that first meeting.[1] Whatever suspicions that testimony may raise about the veracity of Nogues’ denial that he had participated in that first meeting, the testimony was not corroboration of Orrett’s testimony that was equivalent to the testimony of a second perjury witness. Orrett’s testimony is therefore the only foundation for the perjury conviction; because that testimony is legally insufficient the perjury conviction cannot stand. See Womack v. State, 283 So.2d 573 (Fla. 4th DCA 1973).
The judgment of conviction and sentence are reversed and this cause is remanded with directions to discharge the defendant.
REVERSED.

. The perjury charge that related to the second meeting ended in a judgment of acquittal for Nogues.